T.C. Memo. 1995-509


UNITED STATES TAX COURT


MICHAEL K. WOLFE AND ROSEMARIE E. WOLFE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16773-93.                    Filed October 25, 1995.


Michael K. Wolfe and Rosemarie E. Wolfe, pro sese.

<u>Franklin R. Hise</u>, for respondent.



MEMORANDUM OPINION

KÖRNER, <u>Judge</u>:  Respondent determined deficiencies in and
additions to petitioners' Federal income taxes for the years and
in the amounts as follows:

| | | Additions to Tax Under Section | | | | |
|------|------------|-------------|-------------|----------------|----------------|-------|
| Year | Deficiency | 6653(b)(1) | 6653(b)(2) | 6653(b)(1)(A) | 6653(b)(1)(B) | 6654 |
| 1984 | $30,600 | $15,300 | * | 0 | -- | $1,924 |
| 1985 | 221,060 | 112,980 | * | 0 | -- | 12,686 |
| 1986 | 65,392 | 0 | -- | $32,696 | * | 3,165 |

*50 percent of the interest payable on the portion of the
deficiency attributable to fraud.

All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

During the taxable years 1984, 1985, and 1986 (the period involved herein), and when the petition was filed, petitioners Michael K. Wolfe and Rosemarie E. Wolfe were residents of Texas. Petitioner Rosemarie E. Wolfe did not appear at the hearing of this case, but was represented by her husband, petitioner Michael K. Wolfe.

Petitioners' taxable years 1985, 1986, and 1987 were investigated by the Internal Revenue Service during 1989 and 1990. After this examination, petitioners accepted adjustments by respondent to their income tax liability for the years 1985 and 1986. Thereafter, respondent received information concerning the possible receipt of additional and fraudulent income by petitioners in the years 1984, 1985, and 1986, and the examination of these years was reopened in 1992. As a result, substantial additional deficiencies and additions to tax for fraud were determined by respondent, and are contained in the notice of deficiency that was issued herein, as detailed above. Such deficiencies and additions to tax were computed, at petitioners' request, on the basis of petitioners being married and filing jointly.

Prior to the years in issue, petitioner Rosemarie Wolfe was married to Jose Escalante, on two separate occasions, and they have three children. During the years in issue here, however, Jose Escalante was married to Susan Escalante (now Susan Myers).

During the years 1984, 1985, and 1986, Susan Escalante was employed by the Spring Branch Savings & Loan Association in Texas as a branch manager. She was not a loan officer. Nevertheless, during that period she abstracted large amounts of money from the savings and loan association (hereinafter Spring Branch), and during the years in question caused the following amounts of money to be transferred, with their complicity, to one or both of petitioners, or to others who in turn remitted the money to one or both of petitioners:

| 1984 | 1985 | 1986 |
|------|------|------|
| $100,000 | $512,000 | $199,278 |

All the above proceeds were received by petitioners or deposited in a bank account or bank accounts controlled by them. Petitioners were also the sole owners of and controlled the business known by the name of Deli, Etc., in Cypress, Texas, and controlled bank accounts of that organization.

Susan Escalante later pled guilty to both criminal and civil charges in connection with these abstractions, inter alia, from Spring Branch. Upon audit, respondent's statutory notice increased petitioners' income by the above amounts, after giving

credit to the amounts previously agreed to for 1985 and 1986 in the case of each petitioner.

Petitioners were later charged criminally in Texas with theft, or theft by receiving, in connection with the above takings from Spring Branch. Petitioner Rosemarie Wolfe pled guilty and was sentenced to prison; petitioner Michael Wolfe likewise pled guilty, and was placed on probation for 10 years.

Petitioners were also sued civilly by Spring Branch as the result of the above abstractions, and others, and they consented in 1990 to the entry of judgment against them, jointly or separately, of a total of some $1,300,000, with interest, costs and attorney's fees.

With respect to the funds stolen or illegally received by petitioners in the years in question, some were apparently used by petitioners for their personal purposes, and some were invested in the business that they operated as Deli, Etc.

In the original examination by respondent of petitioners' taxable years 1985, 1986, and 1987, petitioners did not furnish detailed information about their income or assets, and did not disclose the illegal acquisition of funds for which they later pled guilty and liable, both criminally and civilly. In the later examinations by respondent, which for the first time included the year 1984, petitioners attempted to conceal their participation in the theft of these funds, as well as the identity of at least eight bank accounts where they had stowed

funds in different places in Texas. They likewise attempted to conceal the fact that petitioner Rosemarie Wolfe was the owner of Deli, Etc., where some of the funds from Spring Branch went. They did not disclose any taxable income for the years in question, and they filed no income tax returns for those years.

Petitioners fraudulently failed to report any income or pay the required tax thereon for 1984, 1985, and 1986. As to the statutory notice of deficiency herein, petitioners contest only the inclusion in their gross income of their illegally acquired receipts from Spring Branch, as well as the additions to tax.

We consider first the correctness of the deficiencies in tax.

In general, the burden of proof is on petitioners to prove that respondent's determination, as set forth in the notice of deficiency, is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioners have admitted the receipt of the income in question. Petitioners contend that the money received from the Spring Branch checks was not embezzlement income, but rather a loan. There is not a scrap of evidence in this record to support that argument. Neither petitioner testified, nor did any witness appear on their behalf. They pled guilty, both criminally and civilly, to the receipt of the money that respondent would tax to them here. Gross income includes income from all sources, section 61(a). It is well established that illegal gain can be taxable income, as in the case of other

accessions to wealth under the dominion and control of the taxpayer. James v. United States, 366 U.S. 213 (1961); Rutkin v. United States, 343 U.S. 130 (1952). Section 1 imposes a tax on individuals for taxable income received. The liability for the payment of the income tax is ordinarily on the individual receiving the income. Edwards v. Commissioner, 39 T.C. 78 (1962), affd. in part and revd. in part 323 F.2d 751 (9th Cir. 1963).

The evidence submitted in this case clearly shows the receipt of the income by petitioners, and in fact they admitted it in the pleadings. Petitioners' argument of a "loan" is not only unsupported by this record, it is clearly contrary to that record, and we find that respondent's determination with respect to unreported income must be sustained.

We next consider the correctness of the imposition of additions to tax for fraud on petitioners by respondent. On this matter, the burden of proof is on respondent, Rule 142(b). A failure to file tax returns, without more, is not conclusive proof of fraud, but may be considered in connection with other facts. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Kotmair v. Commissioner, 86 T.C. 1253, 1260 (1986). Petitioners' entire course of conduct can be relied on to establish a fraudulent intent. Otsuki v. Commissioner, 53 T.C. 96, 106 (1969).

Fraud, as used in section 6653(b), means actual intentional wrongdoing. Mitchell v. Commissioner, 118 F.2d 308 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939). The intent required is the specific purpose to violate a known legal duty, in this case, to evade a tax believed to be owing. Stoltzfus v. United States, supra; Estate of Temple v. Commissioner, 67 T.C. 143, 159 (1976). Where direct evidence of fraudulent intent is not available, its existence may be determined from the conduct of the taxpayer and the surrounding circumstances. Stone v. Commissioner, 56 T.C. 213 (1971). The Supreme Court has stated that an "affirmative willful attempt may be inferred from * * * any conduct, the likely effect of which would be to mislead or to conceal". Spies v. United States, 317 U.S. 492, 499 (1943). Making false statements to a revenue agent is evidence of fraud. United States v. Beacon Brass Co., 344 U.S. 43 (1952); United States v. Newman, 468 F.2d 791, 794 (5th Cir. 1972).

In the instant case, we need not rely on any presumption of correctness as to the deficiency in order to conclude that fraud has been committed by petitioners. They have admitted the receipt of the unreported income, and it is clear from the facts that an income tax was owing thereon, which has not been paid. We are convinced that petitioners' failure to file returns or pay the required tax was fraudulent on their part. The tax was clearly owing, and petitioners, without any excuse, intentionally did not file the returns and pay the tax. In addition, during

the investigation of their tax liability, petitioners withheld information from the revenue agents as to the amount of their income, and also concealed the fact of their prior convictions for illegally obtaining such income.

We think respondent has satisfied the burden of proving fraud in this case by the clear and convincing evidence required by section 7454(a) and Rule 142(b). Cf. Green v. Commissioner, T.C. Memo. 1993-152, affd. without published opinion 33 F.3d 1378 (5th Cir. 1994).

This leaves for discussion the imposition of additions to tax by respondent under section 6654 for the failure by petitioners to pay estimated tax. Respondent determined that the addition to tax for failure to pay an estimated tax was applicable for each of the years here in question, and petitioners bear the burden of proving that respondent's determination of the addition to tax is erroneous. Rule 142(a); Grosshandler v. Commissioner, 75 T.C. 1 (1980). The statute is specific, and unless the taxpayer can bring himself within one of the four enumerated exceptions thereto, its application is mandatory. Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960); Grosshandler v. Commissioner, supra. No such showing has been made in this case, and we therefore sustain respondent on this issue.

Decision will be entered

for respondent.